**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**UNITED STATES OF AMERICA**,

    *Plaintiff*,

**v.**　　　　　　　　　　　　　　　　　　　Criminal Action No.  2:26-cr-00038
　　　　　　　　　　　　　　　　　　　　　Hon. Irene C. Berger

**CHRISTIAN GARRETT THORNTON**

    *Defendant*.

## <u>DEFENDANT'S PROPOSED VOIR DIRE</u>

Defendant Christian Garrett Thornton, by counsel, respectfully requests that the Court inquire of the venire the following:

1. A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent unless the government proves guilt beyond a reasonable doubt. Mr. Thornton does not need to produce any evidence whatsoever to prove his innocence.  If you are selected as a juror in this case, how many of you will have difficulty applying this rule of law?

2. How many of you now have any opinion as to Mr. Thornton's guilt or innocence?

3. How many of you believe that because Mr. Thornton was arrested and charged with a crime, that he is probably guilty of something?

4. How many of you feel that you might have some difficulty presuming that Mr. Thornton is innocent of the charges against him in this case?

5. This case will involve testimony regarding the areas in and around Cross Lanes, West Virginia, and Hurricane, West Virginia.  Do any of you (or your family or

close friends) live in these areas or have you or they lived there in the past?  Is there any other reason why you have a particular familiarity with this neighborhood?

6. This case involves charges of illegally possessing a firearm and knowingly and willingly possessing a controlled substance — fentanyl — with the intent to distribute.  How many of you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

7. Many of us are concerned about drugs and about crime.  As jurors in this case, you would be required to set aside your concerns and attitudes on general issues and decide this case independently and solely on the evidence and the instructions as the Court gives them to you. How many of you feel that you might find that difficult?

8. Have you or anyone close to you had an unpleasant experience where guns or drugs were involved?

9. Are any of you, your close family or friends lawyers or law students or have any of you ever studied law in the past?

10. Have any of you, your close family, or friends ever worked, either formally or informally, or applied for employment with, a law enforcement agency?  By law enforcement agency I mean organizations such as the State Police, city and county police departments, a state's prosecuting attorney's Office, the United States Attorney's Office, F.B.I., C.I.A., I.R.S., A.T.F., U.S. Marshals, G.S.A. Guards, Secret Service, Military Police, U.S. Customs Office, private security firms, and the like.

11. How many of you (or your close friends or relatives) have been employed by any prison, jail, department of corrections, probation office, or parole agency?

12. Have any of you (or your close friends or relatives) ever worked for either a federal or local court system in any capacity?

13. Have any of you ever served on a federal or state grand jury, or a petit jury in any civil matter?

14. Have any of you ever sat before on a criminal jury. If so, what kind of case was it and what verdict, if any, did the jury reach?

15. Is there anything about that experience — whether it involved the lawyers, the judge, the accused, the evidence, or your jury deliberations — that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?

16. Have any of you formed any opinions about either prosecutors or defense attorneys that would affect you in deciding this case?

17. How many of you feel that police testimony is more likely to be believable or reliable than testimony by another witness?

18. If you had to choose who to believe, a police officer or a witness called by a defendant, how many of you would be more likely to believe the police officer because he is a police officer?

19. How many of you agree that in general police don't make mistakes?

20. Do any of you now, or have you within the past five years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

21.     How many of you have strong feelings about drugs and crime?

22.     To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict.  Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

23.     Do any of you feel that you would tend to go along with the majority of jurors even if you did not agree just because you were in the minority?

24.     Do any of you have bumper stickers or decals on your vehicles?  What do they say?

Submitted this 6th day of July, 2026.

CHRISTIAN GARRETT THORNTON

By Counsel:

*/s/ Raymond S. Franks II*
Raymond S. Franks II (WVSB #6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street East
Charleston, WV 25301
Telephone:     (304) 345-1234
Facsimile:     (304) 342-1105
rfranks@cdkrlaw.com
***Counsel for Defendant Christian Garrett Thornton***

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on July 6, 2026, ***Defendant's Proposed Voir Dire*** was served electronically via the Court's CM/ECF system, providing notice of the filing to counsel of record.

/s/ Raymond S. Franks II
Raymond S. Franks II (WVSB #6523)