**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:26-cr-00038-1

CHRISTIAN GARRETT THORNTON,

Defendant.

# MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Motion for Judgment of Acquittal or, in the Alternative, a New Trial* (Document 59), the *Response of the United States to Defendant's Motions for Judgment of Acquittal and New Trial* (Document 60), and the *Defendant's Reply in Support of Motion for Judgment of Acquittal or, in the Alternative, a New Trial* (Document 61), as well as trial testimony and all relevant documents. For the reasons stated herein, the Court finds that the motion should be denied.

## BACKGROUND

A three-count Indictment was filed against the Defendant on March 31, 2026, charging him with Possession with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl and 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, Felon in Possession of a Firearm, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

A single-day trial was held on July 20, 2026. At the close of the United States' case, and out of the presence of the jury, the Defendant made an oral motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure as to Counts One, Two, and Three of the Indictment. The Court denied the motion and after deliberation, the jury found the Defendant guilty on all three counts.

The Defendant now moves for judgment of acquittal or alternatively, a new trial.

## APPLICABLE LAW

Pursuant to Rule 29(c), the Court may set aside the verdict and enter an acquittal after the jury has returned a guilty verdict. Fed. R. Crim. P. 29(c). The district court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020) (*quoting Jackson v. Virginia*, 443 U.S. 307 (1979)). That "standard leaves very little discretion on the part of the trial court." *United States v. Houdersheldt*, Crim. No. 3:19-00239, 2020 WL 7646808, at *5 (S.D. W. Va. Dec. 23, 2020) (Chambers, J.); *see also United States v. Ordonez-Zometa*, 141 F.4th 531, 557 (4th Cir. 2025) (explaining that "[a] judgment of acquittal is appropriate when the evidence is so deficient that acquittal is 'the *only* proper verdict'") (quoting *United States v. Rafiekian*, 68 F.4th 177, 186 (4th Cir. 2023)).

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *United States*

*v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). "[A] new trial under Rule 33 may be granted where the government has presented sufficient evidence for a reasonable jury to convict, but the court nevertheless disagrees with the jurors' weighing of the evidence in finding the defendant guilty." *Ordonez-Zometa*, 141 F.4th at 557 (cleaned up) (internal quotation marks omitted). However, a district court should exercise its discretion "sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict." *United States v. Woods*, Crim. No. 1:12-00157-001, 2013 WL 12109522, at *1 (S.D. W. Va. Jun. 25, 2013) (Faber, J.).

**DISCUSSION**

The Defendant moves this Court to set aside the jury's verdict and enter a judgment of acquittal and/or to grant a new trial. In support, the Defendant argues that the evidence presented by the United States was insufficient to support a conviction as it relates to Counts One, Two, and Three. He further argues that, in the alternative, the Court should grant him a new trial given that any weight accorded to the government's evidence when compared to evidence tending to exonerate him is "tinged with doubt" due to the investigating officers' credibility having successfully been called into question. (Def.'s Mot. at 5.)

*A. Sufficiency of the Evidence*

*(1) Possession with Intent to Distribute*

In Count One of the Indictment, the Defendant was charged with Possession with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl and 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The statute provides in pertinent part that:

> [I]t shall be unlawful for any person knowingly or intentionally to . . . possess with intent to . . . distribute . . . a controlled substance.

21 U.S.C. § 841(a)(1). Fentanyl and methamphetamine are controlled substances for purposes of 21 U.S.C. § 841(a)(1). To satisfy its burden of proof for this offense, the United States must establish each of the following elements beyond a reasonable doubt:

> (1) That the Defendant knowingly and intentionally;
>
> (2) Possessed 400 grams or more of a mixture and substance containing a detectable amount of fentanyl and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine;
>
> (3) With the intent to distribute the same; and
>
> (4) At the time of the possession, he knew fentanyl and methamphetamine were controlled substances.

The Defendant argues that the 660 grams of fentanyl and 162 grams of methamphetamine, established by the evidence, cannot be attributed to him because he only referenced the firearms and not drugs in his recorded phone calls. In addition, he argues that others had access to his bedroom, including Ms. Hively, the Defendant's mother, Susan Harison, Nick Fisher, and Tiffany Moore. Because of this concurrent access, he argues that at least 400 out of the 600 grams of fentanyl and at least 50 of the 162 grams of methamphetamine cannot be allocated to him.

The United States presented evidence of the Defendant's recorded jail calls which indicated the Defendant was concerned about the contents of the safe located in his bedroom, that he had "guns and sh*t" in his room, and that he asked his mother to remove them. The United States further presented evidence that officers located 660 grams of fentanyl and 162 grams of methamphetamine in the safe, as well as bags, post-it notes, sugar, and a scale in the Defendant's bedroom. Additionally, the United States presented testimony from the Defendant's mother, Ms.

Hively, that she suspected the Defendant was dealing drugs due to her noticing him placing folded post-it-notes in certain places and money appearing in place of the post-it notes. She testified that powdered sugar was frequently missing from the kitchen and that there was always a lot of traffic at her house. She further testified that she overheard the Defendant requesting his scale and mentioning that he did not want to get cheated.

Viewing this evidence in the light most favorable to the United States, the Court finds that a reasonable jury could have found that the Defendant possessed 400 grams or more of fentanyl and 50 grams or more of methamphetamine with the intent to distribute it. Although the Defendant argues that he only referenced the firearms in his recorded jail call and never mentioned drugs, given that he was concerned about the contents of the safe where the drugs were ultimately found and that the safe was located in his bedroom, a reasonable jury could infer from the evidence that the Defendant knowingly possessed those drugs.[1] Additionally, a jury could infer that he intended to distribute those drugs based on the large quantity of drugs, as well as his mother's testimony regarding the post-it notes, the level of traffic at her home, and the Defendant's statement about his scale and not wanting to get cheated. Because a reasonable jury could find beyond a reasonable doubt that the Defendant possessed these controlled substances with the intent to distribute them, the Court finds that the Defendant's motion should be denied as to Count One.

---

[1] Although the Defendant asserts that at least 400 grams of the 660 grams of fentanyl and at least 50 grams of the 162 grams of methamphetamine cannot be attributed to him given that Ms. Moore and others had access to the bedroom, the Defendant's mother testified that there was limited opportunity for others to access the bedroom and that she was the only one who accessed the bedroom between the Defendant's arrest and her interview with law enforcement. Further, her testimony indicated that Ms. Moore was detained on the same day as her son. Even if a jury had found that others had access to the drugs, the jury could still have found the Defendant possessed the drugs given that they were located in the safe in his bedroom and that he was concerned about the contents of the safe. *See United States v. Penniegraft*, 641 F.3d 566, 572 (4th Cir. 2011) (explaining that "[p]ossession need not be exclusive, but may be shared with others, and is susceptible of proof by circumstantial as well as direct evidence") (quoting *United States v. Laughman*, 618 F.2d 1067, 1077 (4th Cir. 1980)). Accordingly, a reasonable jury could conclude that the Defendant had possession of the drugs located in his bedroom.

*(2) Felon in Possession of a Firearm*

In Count Two of the Indictment, the Defendant was charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). § 922(g)(1) provides in pertinent part that:

> It shall be unlawful for any person –
>
> > who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . knowingly . . . possess in or affecting commerce, any firearm . . .

18 U.S.C. § 922(g)(1). To satisfy its burden of proof for the offense charged in Count Two of the Indictment, the United States must establish each of the following elements beyond a reasonable doubt:

(1) The Defendant possessed the firearms described in Count Two of the indictment;

(2) At the time the Defendant possessed the firearms, he had previously been convicted in court of a crime punishable by a term exceeding one year;

(3) At the time the Defendant possessed the firearms, he knew he had previously been convicted of a crime punishable by a term exceeding one year; and

(4) The possession was in or affecting interstate commerce, because the firearms identified had travelled in interstate or foreign commerce during their existence.

The Defendant argues that although he referenced the firearms in his recorded calls, he never acknowledged owning or even touching them. He further argues that the firearms could

have been placed in his bedroom by someone else. Lastly, he asserts that the officers testified during trial that it is not unusual to discover firearms in someone's residence in West Virginia.

The United States introduced stipulations in which the Defendant stipulated that he had a prior felony conviction, that he knew he had been convicted of a felony, and that the firearms in question were transported in and affected interstate commerce. The United States further introduced evidence of two firearms found in a drawer in the Defendant's bedroom, as well as another firearm found in the safe located in his bedroom. The United States also introduced evidence of the Defendant's recorded calls, where he explicitly referenced firearms being in his bedroom and directed his mother to remove them. The United States presented testimony from the Defendant's mother that there was a limited opportunity for others to access the Defendant's bedroom and that no one but her accessed the bedroom between the Defendant's arrest and her interview with law enforcement.

Viewing this evidence in the light most favorable to the United States, the Court finds that a reasonable jury could find beyond a reasonable doubt that the Defendant violated 18 U.S.C. § 922(g)(1). Although the Defendant asserts that he never acknowledged ownership of the firearms and that the firearms could have been placed in his bedroom by someone else, giving consideration to the Defendant's awareness of the firearms' presence in his bedroom, his directions to his mother to remove them, and his mother's testimony regarding the limited opportunity for others to access the Defendant's bedroom, a reasonable jury could conclude that the Defendant possessed those firearms as a convicted felon.[2] Accordingly, the Court finds that the Defendant's motion should be denied as to Count Two.

[2] Although the Defendant's mother testified that Mr. Fisher had access to the bedroom prior to the search warrant being executed, a jury could still reasonably find the Defendant possessed the firearms given that he referenced the

*(3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime*

In Count Three of the Indictment, the Defendant was charged with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). That statute provides in pertinent part that:

> (1) any person who . . . in furtherance of any [drug trafficking crime] . . . for which the person may be prosecuted in a court of the United States, possesses a firearm . . . shall [be guilty of an offense against the United States].
>
> (2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act . . . .

18 U.S.C. § 924(c)(1)(A). To satisfy its burden of proof for this offense, the United States must establish each of the following elements beyond a reasonable doubt:

> (1) That on or about October 29, 2024, the Defendant did knowingly possess firearms; and
>
> (2) The Defendant possessed the firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States.

The Defendant argues that he was never witnessed carrying or using the firearms in furtherance of a drug trafficking crime. He further argues that it is possible the firearms were placed in a location by someone else that would "plac[e] him at risk for prosecution based on proximity." (Def.'s Mot. at 5.)

As previously determined, a reasonable jury could find the Defendant knowingly possessed firearms and that he also possessed with the intent to distribute fentanyl and methamphetamine.

firearms in the phone call prior to Mr. Fisher accessing the bedroom.

When viewing the evidence that one of the firearms was found with the drugs inside the safe, and two other firearms were found in the Defendant's bedroom where the safe was located, in the light most favorable to the United States, a reasonable jury could find that the Defendant possessed the firearms in furtherance of a drug trafficking crime. Accordingly, the Court finds that the Defendant's motion should be denied as to Count Three.

*B. Investigating Officers' Testimony*

The Defendant moves for a new trial, asserting that the investigating officers' testimony is not worthy of credence. He argues that "[i]t is not credible that Officer Baumgardner brought in the ATF (and that Special Agent Reed agreed to the arrangement), when they visited the Defendant's mother's home, if their sole intention was to potentially charge Mr. Thornton under state law with grand larceny for the theft of his mother's vehicle." (Def.'s Mot. at 6.) He further argues it is not credible that the investigating officers did not intend to leverage Ms. Hively's impounded vehicle against her consent to search and that otherwise they would have informed her how to retrieve her vehicle.[3] The Defendant contends that all the physical evidence was adduced through the officers, and that the "Court should examine the motives underlying the officers' actions." (*Id.*) Lastly, he argues that "Officer Baumgardner did not tell the jury about the evidence he discovered of Ms. Moore having lived on the premises and in the bedroom until that information was elicited on cross-examination." (*Id.*)

The Court finds that a new trial is not warranted. Regardless of the officers' intentions, they did not request nor did Ms. Hively offer consent to search the Defendant's bedroom. Viewing the weight of the evidence, the Defendant has not demonstrated that this is a situation where the weight

[3] He asserts the only reason the officers did not request her consent to search is because she revealed information that led to the procurement of a search warrant.

of the evidence even comes close to weighing heavily against the verdict. Therefore, the Court finds that the Defendant's motion for a new trial must be denied.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion for Judgment of Acquittal or, in the Alternative, a New Trial* (Document 59) be **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 19, 2026

Irene C. Berger

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA